# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3441

_____

United States of America

*Plaintiff - Appellee*

v.

Rhawnie Marcellais

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: October 22, 2025
Filed: December 1, 2025
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Rhawnie Marcellais's husband had been seeing another woman. The other woman reported Marcellais for child abuse and gave police supporting video evidence. A few months later, Marcellais attacked the woman, causing serious injuries. She was charged with two counts of child abuse, 18 U.S.C. §§ 13 and 1153; one count of assault with a dangerous weapon, 18 U.S.C §§ 113(a)(3) and 1153; one

count of malicious mischief, 18 U.S.C. §§ 1363 and 1153; and two counts of retaliating against a witness, 18 U.S.C. § 1513(b)(2).  The retaliation charges were dropped.  On the morning of trial, Marcellais moved to sever the remaining child abuse counts from the assault and mischief counts.  The district court[1] denied her motion but later granted an acquittal on one of the child abuse counts.  A jury convicted her on the other counts.  Marcellais challenges the denial of her motion to sever.

"When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8."  United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005).  Even if properly joined, the district court has discretion to sever counts where joinder "appears to prejudice a defendant."  Fed. R. Crim. P. 14(a).  "We review whether joinder was proper de novo, and will reverse only upon a showing of an abuse of discretion which resulted in severe or compelling prejudice."  Ruiz, 412 F.3d at 886 (cleaned up).

Marcellais argues that after the retaliation counts were dropped, the remaining counts were not properly joined.  An indictment may charge a defendant with multiple offenses in separate counts if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  Here, the indictment's six counts were properly joined because they were of a similar character, had a temporal connection, and involved overlapping motives and witnesses.  United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984) (listing factors to consider for Rule 8's "same or similar character" standard); see also United States v. Reeves, 143 F.4th 999, 1006 (8th Cir. 2025) (we "[l]iberally constru[e] the rules in favor of joinder").  And though some of those counts were later dismissed, we look at the face of the indictment to determine whether joinder was proper.  United States v. Reichel, 911 F.3d 910, 915 (8th Cir. 2018).

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

There is a "strong presumption against severing" properly joined counts, and Marcellais has not shown that "severe prejudice" deprived her of "an appreciable chance for an acquittal." United States v. Garrett, 648 F.3d 618, 625–26 (8th Cir. 2011) (citation omitted). Although she claims the jury was "more likely" to find her guilty of child abuse after hearing about the assault and malicious mischief incident, "an increased chance of acquittal" is not enough. United States v. Guy, 456 F.2d 1157, 1160 (8th Cir. 1971). And the evidence does not suggest that separate trials would have had different results. Video footage and testimony from multiple witnesses provided overwhelming evidence of guilt on the child abuse and assault counts. See United States v. Mann, 701 F.3d 274, 290 (8th Cir. 2012) (overwhelming evidence of guilt favors finding no severe prejudice). The district court also granted acquittal on one count, warned the jury not to "allow sympathy or prejudice to influence [it]," and instructed the jury that the government had to prove every element of each remaining count beyond a reasonable doubt. See United States v. Williams, 720 F.3d 674, 696 (8th Cir. 2013) (no abuse of discretion where defendant did not allege that jury instructions failed to cure risk of prejudice). Finally, even if the counts were severed and tried separately, at least some evidence from the child abuse count would have been admissible to show motive or intent during the assault and mischief trial. See Fed. R. Evid. 404(b); Reichel, 911 F.3d at 915 (defendant suffers no prejudice if evidence of one crime would be admissible at separate trial for the other crime).

Affirmed.

_____